FILED

NOT FOR PUBLICATION

FEB 23 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIA VASQUEZ,

Defendant - Appellant.

No. 09-50131

D.C. No. 3:07-cr-03106-BEN-1

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Defendant-Appellant Maria Vasquez appeals the district court's denials of

her motion to suppress and motion to dismiss the indictment. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

On a weekday morning in southern California, a border patrol agent observed two Hispanic males get into a gray Ford Expedition and drive to an AutoZone parking lot. A gold Chevrolet Avalanche arrived a short time later and parked next to the Expedition. The male passenger from the Expedition exited the car to speak with the driver of the Avalanche and, subsequently, the driver of the Avalanche got into the rear seat of the Expedition. After the driver of the Avalanche returned to his car, two Hispanic females from the Avalanche, later identified as undocumented aliens, switched vehicles. The Expedition, with the two female passengers, left the AutoZone parking lot and drove to a cul-de-sac in a residential area.

At the cul-de-sac, the two women exited the Expedition and got into a blue Chevrolet Astro Minivan. The minivan drove to a Jack in the Box restaurant nearby, at which point the driver spoke to a man in a black truck. The minivan then left Jack in the Box and drove onto Interstate 5, headed north. The border patrol agent who observed these events requested a traffic stop of the minivan, and Vasquez, who was driving the minivan, was pulled over a short time later.

Before the district court, the government asserted in its proffer of facts that the area was notorious for alien smuggling. Vasquez disputed this fact and requested an evidentiary hearing. The government opposed such a hearing, instead

stating that reasonable suspicion existed based on the vehicle transfers. The district court deemed the description of the area as notorious for alien smuggling "somewhat vague and somewhat broad" and noted that "anything south of Los Angeles, east to El Paso, is probably an area notorious for alien smuggling." Finding no facts in dispute, however, the district court denied Vasquez's motion to suppress without holding an evidentiary hearing.

We review a district court's denial of a motion to suppress de novo and the underlying factual findings for clear error. *United States v. Delgado*, 545 F.3d 1195, 1200 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1383 (2009).

The Fourth Amendment protects against unreasonable searches and seizures by the government and "applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." *United States v. Brignoni-Ponce,* 422 U.S. 873, 878 (1975). A brief investigatory stop does not violate the Fourth Amendment, however, "if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.' " *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). To evaluate reasonable suspicion, the court considers whether the totality of the circumstances show that the officer had "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v.*

*Cortez*, 449 U.S. 411, 417-18 (1981). The facts need not rise to the level of probable cause, but "an officer's reliance on a mere 'hunch' is insufficient to justify a stop." *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (quoting *Terry*, 392 U.S. at 27).

Here, the finding of reasonable suspicion rested on the fact that two Hispanic women in southern California switched cars twice and ultimately headed north on I-5. The exchanges between the cars took place in broad daylight. The government offered no facts suggesting, for example, that the officers found the types of vehicles suspicious or that the drivers or passengers acted in any evasive or unusual manner, or that the cul-de-sac particularly was known to house alien smugglers. While transferring between cars may be odd, it does not give rise to "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Cortez*, 449 U.S. at 417-18.

Having failed to set forth sufficient facts to support a finding of reasonable suspicion, the government suggested at oral argument that we remand the matter for an evidentiary hearing. Not only did the district court find an evidentiary hearing unnecessary because no facts were in dispute, *see United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000), but the government opposed the request for a hearing. Thus, no hearing is warranted now.

Because the district court erred in finding that reasonable suspicion supported the stop, we reverse the district court's denial of the motion to suppress and remand for further proceedings consistent with this opinion. Because we reverse the district court's denial of the motion to suppress, we do not address the district court's denial of the motion to dismiss the indictment.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**